■  DOUGLAS RIPLEY et al., v. DOUGLAS F. STORER et al.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs, and the motion for a stay granted only. to the extent stated in order.  Concur — Breitel, J. P., Botein, Rabin, Valente and Bergan, JJ.  [See *ante*, p. 839.]

## (November 29, 1956)

■  THE PEOPLE OF THE STATE OF NEW YORK v. JOSEPH FREY.— Motion to dismiss appeal granted.  Concur — Peck, P. J., Breitel, Cox, Frank and Valente, JJ.

■  THE PEOPLE OF THE STATE OF NEW YORK v. ALEXANDER J. JOSEPH.— Motion to dismiss appeals granted.  Concur — Peck, P. J., Breitel, Cox, Frank and Valente, JJ.

## (November 30, 1956)

### (Republished)

■  LORENZO J. POWER et al., Respondents, v. JACOB FALK, Individually and as Trustee for the Plaintiffs, et al., Appellants, et al., Defendants.— The allegations of the complaint state but one cause of action in the individual right of plaintiffs.  With the exception of the plaintiff Eileen Reynolds Power, all of the plaintiffs have capacity to sue in their own right.  The motions to dismiss the complaint and to require a separate statement of causes of action were therefore properly denied.  The allegations in paragraphs 12, 13 and 14 of the complaint respecting the heirship of unrepresented interests are irrelevant and confusing and should be stricken on the motion made under rule 103 of the Rules of Civil Practice.  The forepart of those paragraphs identifying the unrepresented interests and indicating that they are awaiting representation through estate administration may remain as explanatory matter.  The inclusion of Eileen Reynolds Power as party plaintiff is plainly unwarranted, but none of the motions made at Special Term would reach this misjoinder.  We may expect it to be corrected, however, in the amended complaint which should be served omitting the matters stricken.  The order appealed from is unanimously modified by striking from paragraph 12 all of the allegations after the word "appointed" in the seventh line, from paragraph 13 all of the allegations after the word "appointed" in the eighth line, and from paragraph 14 all of the allegations after the word "estate" in the tenth line and, as so modified, affirmed, with $20 costs.  Settle order on notice.  Concur — Peck, P. J., Breitel, Cox, Frank and Bergan, JJ.  [See *ante*, p. 878.]

■  JACK & JILL TOGS, INC., Respondent, v. BERNSIDE MILLS, INC., Appellant.— Upon the record before us the plaintiff has not made a satisfactory showing of irreparable damage such as would warrant granting the drastic relief of temporary injunction.  To grant it may result in such damage to the defendant that even a determination in its favor after trial would not remedy.  Defendant has stated in open court that it would withdraw the pending motion addressed to the complaint and join issue immediately.  Both parties have stated they are prepared to go to trial at once.  Order unanimously reversed and the motion for a temporary injunction denied.  Settle order on notice in which provision is made for the withdrawal of the motion addressed to the complaint, and the dates for joinder of issue and for trial fixed.  Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.